# Doyle, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Wagon—Driving on track—Rear-end collision—Nonsuit.*

1. The motorman of a street railway car has the right to assume that a man driving a wagon in the street ahead of him alongside the track will not drive in front of the car.

2. Where a vehicle which turns into a street railway track is struck in the rear by an approaching car, the motorman is not guilty of negligence unless the vehicle was on the track or approaching the track a sufficient distance from the car for the motorman to have stopped the car and avoided the collision.

3. In an action against a street railway company to recover for

personal injuries sustained in a collision between plaintiff's wagon and a car belonging to the defendant, a compulsory nonsuit was properly entered, where it appeared that an automobile was standing on the side of the street; that plaintiff's horse and wagon stood behind the automobile, the horse's head being sixteen feet therefrom; that the distance from the head of the horse to the tail of the wagon was sixteen feet; that plaintiff's driver got in the wagon and looked through the window in the back and saw the car coming, but did not testify at what distance away; that he pulled his horse out to straddle the track in order to get around the automobile and was struck by the car in so doing.

Argued March 27, 1918.  Appeal, No. 382, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1914, No. 409, refusing to take off compulsory nonsuit in case of Onney B. Doyle v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the following from the remarks of FERGUSON, J., in entering the compulsory nonsuit:

In this case we have nothing but the fact that there was a collision. We have an automobile standing against the curb on the north side of Arch street east of Broad street (in the City of Philadelphia); we have the wagon of Mr. Field standing on the north side of Arch street east of Broad street, thirty feet back of the automobile, and from the horse's head to the tailboard of the wagon was sixteen feet, so the distance between the automobile and the wagon was just about twice the length of the horse and wagon. The case absolutely depends upon the testimony of Mr. Field, if there is any case at all, because Doyle saw nothing. All he knows is that there was a crash, and, as I said before, the mere fact that there was a crash and that he was injured as a result of the crash does not prove that the transit company was negligent, because when there is another wagon, which is a free agent in the streets and may go wherever the driver

directs it, you can easily see that it might possibly be that a collision would have resulted no matter how careful the motorman might have been. Mr. Field says that when he came out of the cigar store he saw the car coming west on Arch street and crossing Thirteenth street, and he walked down to the curb and got into his wagon and looked through the window in the back and saw the car was coming. He did not tell us where it was; he did not tell us how close it was. He took the reins and drove ahead, and at some point between where the wagon had been standing and where the automobile was, as to which he leaves us entirely in the dark, he pulled his horse out to straddle the track in order to get around the automobile and was struck by the car. That that resulted from the negligence of the motorman of the car there is no evidence. The car had the right of way, and the motorman had the right to assume that a man driving a wagon in the street ahead of him alongside of the track would not drive the wagon in front of the car. If he did pull the wagon in front of the car, it did not make the motorman negligent. He could only be held negligent under circumstances such as are indicated in this case if the wagon had been on the track or approaching the track a sufficient distance from the car for the motorman to have stopped the car and to have avoided the collision. Those distances are not given to us, and juries are not permitted to guess what must have been the fact. They have to have the evidence, and they have to have an opportunity of determining whether they will believe it or not, but, assuming that they believe it, they have to have evidence from which they could conclude that there was negligence. That evidence does not appear in this case, and for that reason I enter a nonsuit.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off nonsuit.

*Eugene Raymond,* with him *John Martin Doyle,* for appellant.

*Bernard J. O'Connell,* for appellee.

PER CURIAM, April 22, 1918:

The record in this case shows no evidence of negligence upon the part of the defendant, which was sufficient to justify its submission to the jury. Judgment of compulsory nonsuit was properly entered, and the court below did not err in refusing to take it off.

The judgment is affirmed.